STURGIS, Chief Judge.
The petitioner, Columbia-National Corporation, seeks certiorari to review an order of the Florida Industrial Commission denying its application for redetermination of the unemployment tax rate applicable for the calendar year 1958.
The sole question for determination is whether the Commission erred in holding that petitioner’s benefit ratio was computable on the basis of Section 443.08(3) (b) (1) Florida Statutes as amended by the 1957 legislature, F.S.A., rather than as it existed prior to the amendment.
Prior to the 1957 amendment the pertinent part of the section read as follows:
“The Commission shall, notwithstanding the provisions of paragraph (d) of this subsection, compute a benefit ratio for each employer whose employment record has been chargeable with benefit payments for less than three calendar years but not less than the four calendar quarters immediately preceding the calendar quarter for which the benefit ratio is computed.”
The mentioned amendment revised it to read as follows:
“On and after January 1, 1958, the Commission shall, notwithstanding the provisions of paragraph (d) of this subsection, compute a benefit ratio for each employer not previously eligible therefor whose unemployment record has been chargeable with benefit payments for at least twelve (12) calendar quarters immediately preceding the calendar quarter for which the benefit ratio is computed.”
It is admitted that as of January 1, 1958 Columbia-National Corporation had done business and carried on its operations as an employer in this state for a period of time and had earned an experience rating which, unless deprived by reason of the 1957 amendment, would entitle it to a substantial reduction' in the rate of its unemployment compensation tax (“contribution”) for the calendar year 1958.
It is clear that the lengthened experience requirement effective January 1, 1958, as established under the 1957 amendment — twelve calendar quarters instead of four — was not intended to and does not operate to remove the eligibility of the petitioner whose rights became fixed under the provisions of the act as it' stood prior to the operative date (January 1,. 1958) fixed by the amendment. Any other construction would place a labored emphasis on the time when the calculation is made rather than on the period to be used as the basis for the calculation. Petition; er was entitled to the rate applicable .■ un *74 der the act as it stood prior to the 1957 amendment and the Commission erred in holding to the contrary.
Certiorari is granted and the order in question is quashed with directions to compute the benefit ratio of the petitioner in accordance herewith.
CARROLL, DONALD, J., and LEWIS, E. CLAY, Jr., Associate Judge, concur.